## IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

MIGUEL ADRIAN ADAMS, *et al.*  )
)
       Plaintiffs,  )
)
v.  )    Case No. CIV-21-297-D
)
THE GEO GROUP INC., *et al.*,  )
)
       Defendants.  )

## O R D E R

This matter comes before the Court for review of the Report and Recommendation [Doc. No. 8] issued by United States Magistrate Judge Shon T. Erwin pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). Upon initial review of the Complaint, Judge Erwin finds that the joinder of Plaintiffs Miguel Adrian Adams and Joedell Robert Perkins in a single prisoner civil rights action under Fed. R. Civ. P. Rule 20(a)(1) is infeasible, and recommends that Perkins be dismissed under Rule 21 without prejudice to refiling a separate action.

Plaintiffs, who appear *pro se*, have jointly filed a timely Objection [Doc. No. 9].[1] The Court must make a *de novo* determination of any portion of the Report to which a specific written objection is made, and may accept, reject, or modify the recommended decision, or may return the matter to the magistrate judge with instructions. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

---

[1] Because Plaintiffs appear *pro se*, the Court liberally construes their filings but cannot act as their advocate. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Liberally construing the Objection, the Court finds that Plaintiffs challenge 1) a finding of improper joinder under Rule 20, and 2) Judge Erwin's finding that joinder is infeasible.   However, the Report contains no finding of improper joinder.   Judge Erwin recites the requirements of Rule 20(a)(1)(A) and (B), but does not apply them to the factual allegations of Plaintiffs' pleadings or state whether they are met.[2]   Judge Erwin instead considers whether the Court should exercise its discretion to disallow permissive joinder. *See* R&R at 2 (citing *Hefley v. Textron, Inc.*, 713 F.2d 1487, 1499 (10th Cir. 1983)).   Thus, the Court considers only Plaintiffs' second challenge regarding the issue of feasibility.

Judge Erwin's finding is based on the practical considerations and potential obstacles to joint prisoner litigation.   First, district courts have interpreted the Prison Litigation Reform Act to require each prisoner in a multi-plaintiff case to either pay the filing fee for his action or apply to proceed without prepayment under 28 U.S.C. § 1915. In this case, only Adams has submitted an application to proceed *in forma pauperis* [IFP] and a supporting affidavit; Perkins has neither paid the fee nor submitted IFP papers. Plaintiffs do not disagree with Judge Erwin's findings regarding fee payment.   Plaintiffs state their agreement to comply with the applicable rules, and they request additional time for Perkins to apply for IFP status.   The Court accepts Plaintiffs' proposed solution as a viable option if they are allowed to proceed together in this case.[3]

---

[2]   The R&R cites a former version of Rule 20, in which the requirements for joinder of plaintiffs were stated in parts (1) and (2) of paragraph (a).   However, stylistic changes to Rule 20 did not alter the requirements for permissive joinder.

[3]   Another PLRA-related concern not mentioned by Judge Erwin is the necessity for each plaintiff to show he has exhausted administrative remedies.   *See* 42 U.S.C. § 1997e(a).

Second, Judge Erwin notes the potential difficulties created by the requirement of Rule 11(a) that both Plaintiffs sign every jointly filed document and the prohibition against a nonlawyer filing on behalf of another person.   Also, if a separate filing were made by one plaintiff, he would need to serve the other plaintiff under Rule 5.   At the present time, compliance with these requirements is not difficult because Plaintiffs are cellmates. However, prison housing assignments and facility placements are subject to change; prisoners are frequently moved to meet institutional needs and concerns.   Because prison regulations restrict interpersonal communications between inmates housed in separate units or facilities, separation of Plaintiffs during the litigation would seriously impede their ability to confer with one another, draft or review proposed filings, make court submissions, and meet deadlines.   "Given the practical realities of pursuing joint litigation" as prisoners, Judge Erwin "finds that joinder is infeasible" in Plaintiffs' case. *See* R&R at 3-4.   Because "Plaintiff Adams has been the dominant filer thus far," Judge Erwin "finds that Plaintiff Perkins should be dismissed from the action and be instructed that if he wishes to pursue his claims, he must file an independent action."   *Id.* at 4.

Plaintiffs' Objection is silent concerning the practical considerations and obstacles faced when multiple prisoners join as plaintiffs in a single case.   The Court finds this silence to be telling, even if it is not treated as a waiver of review of Judge Erwin's factual findings.   As observed by another court within the Tenth Circuit:   "Many federal district courts have found that the pervasive impracticalities associated with multiple-plaintiff prisoner litigation militate against permissive joinder otherwise allowed by Fed. R. Civ. P. 20(a)(1)."   *Bourn v. GEO Group, Inc.*, Case No. 11-cv-02628, 2012 WL 451286, at *2

(D. Colo. Feb. 13, 2012) (unpublished) (citing *Boretsky v. Corzine*, No. 08-2265, 2008 WL 2512916, *5 (D.N.J. 2008) (unpublished) (collecting cases)).   The court in *Bourn* noted many constraints unique to prisoner-plaintiffs "whose circumstances make joint litigation exceptionally difficult."   *Id*.

The Court is persuaded by the reasoning expressed in *Bourn* and other cases.   In view of institutional restrictions on interpersonal communications among prison inmates and populations that are notably transitory, the Court finds that the joinder of Plaintiffs' claims in a single case should not be permitted.   Publicly available information provided by the Oklahoma Department of Corrections indicates that Perkins may be released to probation within a few months.   *See* OK Offender Search, https://okoffender.doc.ok.gov, OK DOC #853681 (last visited May 5, 2021).   After that time, a continuation of joint litigation with Adams, who has multiple prison sentences remaining to be served, would be almost impossible.   *See id*. OK DOC #270179 (last visited May 5, 2021).

Therefore, upon *de novo* review, the Court finds that Plaintiffs' Objection should be overruled.   The Court further finds that Perkins should be dismissed under Rule 21 and required to file a separate action.   Although there may be other means to exercise the discretion under Rule 21 to "drop a party" from a case, the Court agrees with Judge Erwin that dismissal of Perkins without prejudice to filing a separate action is appropriate under the circumstances.   Perkins has not submitted a pleading that satisfies Rule 8(a) nor complied with other procedures for initiating his own case, such as fee payment.[4]

---

[4]  The only factual allegations regarding Perkins' § 1983 claim appear in a separate, unsigned document titled, "Brief and Support" [Doc. No. 4].   The Court notes that Perkins has

**IT IS THEREFORE ORDERED** that the Report and Recommendation [Doc. No. 8] is **ADOPTED** as set forth herein.   Plaintiff Joedell Robert Perkins is **DISMISSED** as a party without prejudice to filing a separate action.

**IT IS SO ORDERED** this 6th day of May, 2021.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge

---

already filed a civil rights complaint based on these factual allegations.  *See Perkins v. Bowen*, Case No. CIV-21-95-D, Compl. (W.D. Okla. Feb. 2, 2021).   The earlier case currently remains pending, although a different magistrate judge recently recommended that it be dismissed for nonpayment of the filing fee.   *Id*. R&R (May 5, 2021).