IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MIGUEL ADRIAN ADAMS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-21-297-D |
| | ) |
| THE GEO GROUP INC., *et al.*, | ) |
| | ) |
| Defendants. | ) |

# **O R D E R**

Before the Court for review are two Reports and Recommendations [Doc. Nos. 45 and 46] issued February 25, 2022, by United States Magistrate Judge Shon T. Erwin pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). Judge Erwin first finds that the operative Complaint [Doc. No. 17] fails to state a claim under 42 U.S.C. § 1983 against Defendants The GEO Group, Inc. and Warden Mark Bowen and recommends that Defendants' Motion to Dismiss should be granted. Judge Erwin further finds that Plaintiff's action should be dismissed as to all other defendants for lack of service and failure to comply with a prior order regarding service. *See* Order Requiring Service [Doc. No. 27].

Plaintiff has filed a timely Objection [Doc. No. 48] that is liberally construed as challenging the recommended dismissal for failure to state a plausible § 1983 claim; Plaintiff does not address service of process.[1] The Court must make a *de novo*

---

[1] Because Plaintiff appears *pro se*, the Court liberally construes his pleadings and arguments but cannot act as his advocate. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

determination of any portion of the subject Report to which a specific written objection is made, and may accept, reject, or modify the recommended decision.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Review of all other issues is waived.  *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *see also United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Upon *de novo* consideration of the sufficiency of Plaintiff's Complaint to state a plausible § 1983 claim against The GEO Group, Inc. and Warden Bowen, the Court fully concurs in Judge Erwin's findings and conclusions.  Plaintiff argues that these Defendants "negligently and recklessly . . . overlooked the wrong doing" of nurses and medical staff under their supervision and "are liable for there [sic] employees' wrongful unlawful action."  *See* Obj. at 1-2 (citing *Baker v. Saint Francis Hosp.*, 2005 OK 36, 126 P.3d 602).[2]  Plaintiff apparently seeks to rely on vicarious liability principles that do not apply under § 1983.  Judge Erwin states the correct principles of § 1983 liability and properly applies them to the factual allegations of Plaintiff's Complaint.  The Court adopts Judge Erwin's findings and conclusions in the pertinent Report and Recommendation [Doc. No. 45] in their entirety.

**IT IS THEREFORE ORDERED** that the pending Reports and Recommendations [Doc. Nos. 45 and 46] are **ADOPTED**.  Defendants' Motion to Dismiss [Doc. No. 39] is

---

[2] Plaintiff also addresses an alleged failure to exhaust administrative remedies and accuses Defendants of presenting false information and committing perjury.  However, Defendants do not seek dismissal based on a lack of administrative exhaustion, and Judge Erwin does not address this issue.  Thus, the Court does not reach this argument.

**GRANTED**.  Plaintiff's action is **DISMISSED** without prejudice to a future filing.  A separate judgment shall be entered.

**IT IS SO ORDERED** this 25th day of March, 2022.

*[signature]*

TIMOTHY D. DeGIUSTI
Chief United States District Judge